STEPHEN PAUL REIDHAAR *v*. STATE OF INDIANA.

[No. 3-574A89. Filed August 11, 1975. Rehearing denied September 19, 1975. Transfer denied December 10, 1975.]

*William N. Salin, Larry J. Burke, Kennerk, Dumas, Burke & Backs,* of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

STATON, P.J.—Reidhaar was convicted of driving while under the influence of intoxicating liquor. IC 1971, 9-4-1-54(b) (Burns Code Ed., Supp. 1974). His appeal to this Court is predicated upon the lack of probable cause to make the initial arrest for reckless driving, error in admitting his breathalizer test, and insufficient evidence to sustain the conviction. After examining Reidhaar's contentions of error, we conclude that they are without merit, and we affirm.

Indiana State Police Officer Gladieux testified that he was driving his patrol car north on Wayne Trace south of Fort Wayne, Indiana at 10:30 o'clock P.M. on August 8, 1973 when a car coming toward him appeared to be on fire. Huge streams of smoke were coming from the oncoming car and bright sparks spewed intermittently from underneath. As the oncoming car left its lane of traffic, Officer Gladieux had to drive on the berm of the road to avoid a head-on collision. He immediately turned on his red light and siren in pursuit, but the driver of the smoking car refused to stop. The chase continued into a residential addition where the smoking car came to a stop in the middle of the street. Reidhaar, the driver of the smoking car, was taken out of the car by Officer Gladieux and placed under arrest for reckless driving. Officer Gladieux noticed a very strong odor of alcohol coming from Reidhaar. He asked Reidhaar if he would submit to a breathalizer test. Reidhaar agreed to take the test and was arrested after the completion of the test for driving under the influence.

Reidhaar's first contention of error is that there was not sufficient probable cause for the initial arrest. In light of Officer Gladieux' testimony that:

(1) he observed a smoking car which was emitting sparks;

(2) he was required to drive off the side of the road to avoid a head-on collision with this vehicle when it was driven into the lane of oncoming traffic; and,

(3) he immediately turned on his red light and siren in pursuit, but the driver of the smoking car refused to stop,

there was sufficient probable cause to arrest the driver for reckless driving. See *Kindred* v. *State* (1974), 160 Ind. App. 418, 312 N.E.2d 100; *Mentzer* v. *State* (1973), 156 Ind. App. 295, 296 N.E.2d 136; IC 1971, 9-4-1-54(c) (Burns Code Ed., Supp. 1974).

Reidhaar's second contention of error is that his arrest for driving under the influence was illegal because he was

arrested before he was offered the breathalizer test in violation of IC 1971, 9-4-4.5-3 (Burns Code Ed.). The arrest referred to in the statute is an arrest for driving under the influence and not some other traffic offense such as reckless driving. Officer Gladieux testified that he did not arrest Reidhaar for driving under the influence until after the breathalizer test. After Reidhaar agreed to take the breathalizer test, Officer Gladieux had a duty to take Reidhaar to the breathalizer test location. IC 1971, 9-4-4.5-3, *supra*. Officer Gladieux was entitled to take reasonable precautions (handcuffing Reidhaar) to protect Reidhaar and himself during the trip to the breathalizer test location. We find no error in the admission of the breathalizer test into evidence.

We have reviewed the record in this case and conclude that the evidence is sufficient to support Reidhaar's conviction for driving under the influence. We affirm.

Garrard, J., concurs; Hoffman, J., concurs in result.

NOTE.—Reported at 332 N.E.2d 117.